**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**DEAN TERRY**,

                          Petitioner,

         - v -                                            Civ. No. 9:10-CV-808
                                                                   (NAM/RFT)

**DAVID UNGER**, *Superintendent,*

                          Respondent.

**APPEARANCES:**                                 **OF COUNSEL:**

**DEAN TERRY**
Petitioner, *Pro Se*
13-A-0147
Willard Drug Treatment Center
P.O. Box 303
7116 County Route 132
Willard, NY 14588

**HON. ERIC T. SCHNEIDERMAN**          **ALYSON J. GILL, ESQ.**
Attorney General of the State of New York     Assistant Attorney General
Attorney for Respondents
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Petitioner Dean Terry brings this Petition for a Writ of *Habeas Corpus,* pursuant to 28 U.S.C. § 2254, on the grounds that (1) his plea was involuntary, (2) his counsel was ineffective, and (3) evidence used against him was obtained pursuant to an unconstitutional search and seizure. Dkt. No. 1, Pet., Grounds One through Three. However, because the Petition was not filed within the period statutorily prescribed under 28 U.S.C. § 2244(d)(1)(A), we recommend that the Petition be **DENIED**.

# I. BACKGROUND

According to Petitioner, on May 14, 2007, he pled guilty to one count of criminal sale of a controlled substance in the third degree, and was sentenced to four and one half years imprisonment to be followed by two years of post release supervision. Pet. at ¶¶ 1–5. On February 19, 2008, Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, Fourth Department (hereinafter "Appellate Division"). Dkt. No. 10-1.[1] The Appellate Division affirmed the conviction on October 30, 2008. Dkt. No. 10-3. Petitioner filed an application for leave to appeal with the New York State Court of Appeals (hereinafter "Court of Appeals") on December 1, 2008. Dkt. No. 10-4. The Court of Appeals denied that request on January 28, 2009. Dkt. No. 10-5.

Petitioner did not request *certiorari* from the United States Supreme Court, nor file any request for collateral post-conviction relief. *See* Pet. at ¶¶ 12 & 14.

# II. DISCUSSION

In accordance with the provisions the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal *habeas* petitions challenging a state court judgment are subject to a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially

---

[1] The State Court Record consists of Docket Numbers 10 through 10-5.

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety (90) days during which the party could have sought *certiorari* in the United States Supreme Court. *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of the Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed."). The one-year limitations period is tolled during the pendency of a properly filed application for post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). The period may also be tolled where despite "pursuing his rights diligently," some "extraordinary circumstances" prevented Petitioner from timely filing his petition. *See Dillon v. Conway*, 642 F.3d 358, 360 (2d Cir. 2011) (citing *Holland v. Florida,* ___ U.S. ___, 130 S.Ct. 2549, 2560–62 (2010)).

Here, the judgment of conviction became final for AEDPA purposes on April 28, 2009 – ninety days after the Court of Appeals denied Petitioner's application for leave to appeal. Petitioner had one year from that day to file his federal *habeas* Petition, or until April 28, 2010, unless the statute was equitably tolled. *Id.* However, Petitioner did not file his Petition in the instant case until May 18, 2010, twenty days after the statutorily prEscribed period ended. Petitioner made no application for post-conviction relief or collateral review that would have triggered the equitable tolling period under 28 U.S.C. § 2244(d)(2). *See* Pet. at ¶¶ 12 & 14. Nor has he presented this Court with any argument whatsoever that in this case "extraordinary circumstances" warrant equitable

tolling. *See Dillon v. Conway*, 642 F.3d. at 363. In fact, in his Traverse, Petitioner failed to address Respondent's claim that the Petition was untimely, choosing instead to bolster the allegations he made in his Petition that his counsel was ineffective and his plea was involuntary. *See generally* Dkt. No. 13, Traverse.

Therefore, we recommend that the Petition be **DENIED** in its entirety.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** in its entirety; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: April 25, 2013
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge